UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| KEITH MILLER, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | CAUSE NO. 3:09-CV-0269 JVB |
| SUPERINTENDENT, WESTVILLE CORRECTIONAL FACILITY, | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner Keith Miller filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his consecutive sentencing in convictions in the White Superior Court for operating a vehicle after having been suspended for life, operating a vehicle while intoxicated, and for being an habitual controlled substance abuser. This matter is now before the court on Miller's amended petition, in which he asserts that the sentences in these convictions "should of run concurrently, rather than consecutively" because "all circumstances surround the same incident," [DE 6 at 6], and that the charge classification and habitual offender charge "constitutes a double enhancement." *Id.*

Miller states in his amended petition that he did not appeal his convictions, nor has he filed a petition for post-conviction relief or petition to correct erroneous sentence [DE 6 at 1 and 2]. Miller states in his petition that he pled guilty [DE 6 at 1], so he could not file a direct appeal. However, he can challenge his sentencing by filing a petition for post-conviction relief or petition to correct erroneous sentence, so he still has available state court remedies.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and dismiss it if "it plainly appears from the petition and any

attached exhibits that the petitioner is not entitled to relief . . ." This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus shall not be granted unless is appears that the applicant has exhausted the remedies available to him in the courts of the state in which the conviction occurred. 28 U.S.C. § 2254(b)(1)(A) forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant. To fully exhaust his state court remedies, a habeas petitioner must seek discretionary review from the State's highest court where that review is normal, simple, and an established part of the State's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-47 (1999). Failure to exhaust available state court remedies constitutes a procedural default. To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *Id.* at 844.

For the reasons stated in this order, the Court DISMISSES this petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

SO ORDERED on October 28, 2009

                                                   s/ Joseph S. Van Bokkelen
                                                   JOSEPH S. VAN BOKKELEN
                                                   UNITED STATES DISTRICT COURT
                                                   HAMMOND DIVISION